UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority    _____
Send        _____
Enter       _____
Closed      _____
JS-5/JS-6   _____
Scan Only   _____

CASE NO.: CV 17-03384 SJO (MRWx)　　　DATE: July 11, 2017

TITLE:　　Salvador C. Ramirez v. Quemetco, Inc., et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 16]

This matter is before the Court on Plaintiff Salvador Ramirez's ("Ramirez" or "Plaintiff") Motion for Order Remanding Case to State Court ("Motion"), filed June 1, 2017. Defendant Quemetco, Inc. ("Quemetco" or "Defendant") filed its Opposition to the Motion ("Opposition") on June 12, 2017. Plaintiff filed a Reply in Support of the Motion ("Reply") on June 19, 2017. The Court found this matter suitable for disposition without oral argument and vacated the hearing scheduled for July 3, 2017. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion to Remand is **GRANTED**.

I.　　FACTUAL AND PROCEDURAL BACKGROUND

Salvador Ramirez ("Ramirez" or "Plaintiff") is the named plaintiff in the instant class action wage and hour dispute. (*See generally* Notice of Removal ("Removal"), Ex. A, Class Action Complaint ("Compl."), ECF No. 1-1.) On March 2, 2017, Ramirez filed the Class Action Complaint in the Superior Court for the County of Los Angeles, asserting claims under California law for:

(1)　　Failure to pay overtime wages ("Overtime Claim")
(2)　　Failure to pay minimum wages; ("Minimum Wage Claim")
(3)　　Failure to provide meal periods;
(4)　　Failure to provide rest periods; ("Rest Period Claim")
(5)　　Failure to pay all wages upon termination;
(6)　　Failure to provide accurate wage statements; and
(7)　　Unfair competition.

(*See generally* Compl.) Plaintiff seeks to represent five classes of similarly situated current or former employees of Quemetco and its subsidiaries or related companies. (*See generally* Compl. ¶¶ 1, 20.) Plaintiff alleges that, for at least four years prior to the filing of the instant action, Quemetco had a "consistent policy" of failing to pay employee wages, including overtime wages as a consequence of both (1) unevenly rounding time worked by its employees and (2) failing to

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 17-03384 SJO (MRWx)    DATE: July 11, 2017

include all forms of remuneration in determining employees' regular rate of pay. (*See* Compl. ¶¶ 2-3.) Plaintiff also alleges that Quemetco had a consistent policy of failing to provide its employees the meal and rest periods required under California law, and for failing to provide compensation for time worked during such periods. (*See* Compl. ¶¶ 4-5.) Plaintiff seeks recovery of unpaid overtime and minimum wages, plus interest and penalties, attorneys' fees, and costs. (*See* Compl. ¶¶ 35, 40.)

On May 4, 2017, Quemetco removed to this Court on the basis of federal preemption pursuant to § 301 ("Section 301") of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185[1] and supplemental jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Removal ¶ 1, ECF No. 1). Specifically, Quemetco argues that Ramirez's Overtime Claim and Minimum Wage Claim are preempted.[2] (*See generally* Removal; Opp'n, ECF No. 18.) Plaintiff grounds his claims in California's Labor Code, Sections 201-203, 226, 226.7, 510, 512, 1194, 1994.2, 1197, the Code of Regulations, Title 8, Section 11070, and the Business & Professional Code, Sections 17200-17208. (*See* Compl. ¶¶ 7-8.) Nonetheless, Quemetco argues that LMRA jurisdiction is proper because Ramirez's claims "necessitate the interpretation of various provisions of the collective bargaining agreement which governed his employment by Quemetco." (Removal ¶ 1.) Specifically, Quemetco argues that Ramirez's Overtime Claim and Minimum Wage Claim are preempted. (*See generally* Removal, Opp'n.)

II.    DISCUSSION

Quemetco asserts that Ramirez, as a member of the Teamsters Union, Local 986 ("Local 986"), is subject to the collective bargaining agreements ("CBAs") between Local 986 and Quemetco. (*See* Removal ¶ 10.) Ramirez does not dispute that he is subject to the CBAs, but maintains that his wage and hour claims are based on rights conferred by "non-negotiable" California law, arising independently of the CBAs between Local 986 and Quemetco. (*See* Mot. 4, ECF. No. 16.)

///
///
///
///

    A.    Legal Standards

---

[1] Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a) (1947).

[2] Quemetco does not address the Rest Period Claim in its Opposition, although it was a basis for removal. (*See generally* Opp'n.) As such, the Court does not consider the Rest Period Claim as a basis for removal for purposes of this Motion.

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 17-03384 SJO (MRWx)      **DATE:** July 11, 2017

1. <u>Remand Based on Lack of Federal Question Jurisdiction</u>

As courts of limited jurisdiction, federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject matter jurisdiction is never waived, and may be raised by any party at any time. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *See* 28 U.S.C. § 1447(c). When a case is removed to federal court, the removing defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Any doubt as to removability is resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Typically, federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint (the venerable "well-pleaded complaint" rule). *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005); s*ee also Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149 (1908). Indeed, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)).

2. <u>The Complete Preemption Exception</u>

The Ninth Circuit details the "Complete Preemption" exception to the well-pleaded complaint rule:

> An exception to the general rule exists, however, when the preemptive force of a statute is so strong that it completely preempts an area of state law. In such circumstances, federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded. This is because the claim purportedly based on a preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (internal citations, alterations, and quotation marks omitted). Although "[t]he complete preemption exception to the well-pleaded complaint rule is applied primarily under § 301 of the LMRA . . . § 301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship." *Id.* at 1075-76. As such, "looking to the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 692 (9th Cir. 2001) (internal quotation marks and alterations omitted). Moreover, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 17-03384 SJO (MRWx)     **DATE:** July 11, 2017

will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 n. 12 (1988)). "Thus, in order for complete preemption to apply, the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 pre-emption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Valles*, 410 F.3d at 1076 (quoting *Cramer v. Consolidated Freightways*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc)).

      3.    The *Burnside* Test

Where a complaint does not mention the existence of a CBA, courts apply the two-pronged *Burnside* test to determine whether a cause of action is subject to Section 301 preemption:

> First, a court must determine whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends there. If the court determines that the right underlying the plaintiff's state law claims exists independently of the CBA, it moves to the second step, asking whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement. Where there is such substantial dependence, the state law claim is preempted by [§ 301]. If there is not, then the claim can proceed under state law.

*Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032–33 (9th Cir. 2016) (citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007)) (internal citations and alterations omitted).

      B.    Request for Judicial Notice

Quemetco filed a Request for Judicial Notice in which it asks the Court to take judicial notice of the Declaration of Richard Sena, filed in another case before this Court,[3] noting the existence of two Collective Bargaining Agreements ("CBAs")–i.e., the 2011 and 2014 CBAs. (*See* Req. for Judicial Notice in Supp. of Opp'n to Pl.'s Mot. to Remand ("RJN"), ECF No. 19.) In support of their request, Defendant argues that judicial notice is proper as the "document is a copy of a public record that was filed in this Court in another action and that is directly related to this action." (RJN 1.)

Pursuant to Federal Rule of Evidence 201, the Court may take notice of a fact not subject to reasonable dispute where it is "generally known within the [Court's] territorial jurisdiction" or "can

---

[3] *Williams v. Quemetco, Inc.*, No. 2:16-CV-04692 SJO (MRWx).

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 17-03384 SJO (MRWx)          **DATE:** July 11, 2017

be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court takes judicial notice of the Sena Declaration as it is a true and correct copy of an official court pleading, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. Fed R. Evid. 201(b); *Castillo-Viallagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992); *see also Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records, pleadings . . . ."). Furthermore, Plaintiff filed no opposition to the RJN, and addressed the Sena Declaration directly in his Reply. (*See generally* Reply.)

    C.    <u>Analysis</u>

        1.    <u>Plaintiff's Overtime Claim Is Not Preempted</u>

Ramirez contends that the Overtime and Minimum Wage Claims are premised on Quemetco's alleged practice of improperly rounding time punches. (Mot. 4.) He maintains that his right to overtime wages is conferred by California Labor Code Section 510, (Mot. 4; Compl. ¶ 31), which provides that:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work[,]

Cal. Lab. Code § 510. The Section 510 protections are subject to exemptions for certain employees covered by certain CBAs, as provided by Section 514:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514 (1999). The Court applies each prong of the *Burnside* test in turn.

JS-6 UNITED STATES DISTRICT COURT          Priority    ____
        CENTRAL DISTRICT OF CALIFORNIA      Send       ____
                                            Enter      ____
            CIVIL MINUTES - GENERAL         Closed     ____
                                            JS-5/JS-6  ____
                                            Scan Only  ____

CASE NO.: **CV 17-03384 SJO (MRWx)**            DATE: **July 11, 2017**

a.  <u>The Right to Overtime Wages is Conferred by California Law</u>

Quemetco insists that Ramirez's Overtime Claim fails the first *Burnside* prong because the Section 514 exemption applies to him, and thus nullifies his Section 510 claim. (*See* Opp'n 5.) As such, Quemetco contends that Ramirez can only recover any alleged unpaid overtime wages in a cause of action based on the CBAs, and therefore has no right to unpaid wages arising independent of the CBAs. (*See generally* Opp'n 4-5.) Ramirez, conversely, contends that Section 514 "does not give rise to [Quemetco's] preemption argument since removal cannot be based on an anticipated defense." (Mot. 8.)

At the outset, the Court notes that its sister district courts are not uniform on the issue of Section 301 preemption. *See Alexander v. Republic Servs., Inc.,* No. CV 2:17-0644 WBS AC, 2017 WL 2189770, at \*4 (E.D. Cal. May 18, 2017) (recognizing disparity among district courts within the circuit as to whether Section 514 triggers Section 301 preemption). Against this backdrop, however, Quemetco directs the court to follow *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862 ODW (Ex), 2015 WL 3970293 (C.D. Cal. June 30, 2015), which reasoned that:

> [I]f the [section 514] exemptions are applicable to [plaintiff] there is no independently created right for the claims [plaintiff] is pursuing under these sections . . . . Second, if interpretation of the CBAs is necessary to determine if the exemptions apply, the process of doing so would necessarily satisfy the second prong of the *Burnside* test.

*Id.* at \*5; *compare with Valdez v. National Retail Transportation, Inc.*, No. 2:16-CV-02057 DMG (AJWx), 2016 WL 2992489 (C.D. Cal. May 24, 2016) (discussing cases and finding that where the substantive claims in an action are not "substantially dependent" on the CBA, the claims are not preempted by the LMRA). In *Raphael,* the court highlighted "the complexity and sheer magnitude" of the CBAs at issue and found that a state law claim was "substantially dependent" on interpretation of a CBA where defendant presented the court with a "plethora of provisions in need of interpretation throughout the eight separate CBAs covering [plaintiff] and the aggrieved employees he [sought] to represent." 2015 WL 3970293 at \*6. Here, Defendant merely points to the existence of two CBAs and submits that Ramirez's Overtime Claim "is addressed in the CBAs." (Opp'n 5-6.) On these facts, the Court declines to follow *Raphael* and instead sides with Plaintiff and finds that Section 514 is an affirmative defense to a Section 510 claim that must be pled and proved by Quemetco. *See Cash v. Winn,* 205 Cal. App. 4th 1285, 1297, 140 Cal. Rptr. 3d 867, 875 (2012) ("the assertion of [. . . § 514] exemption [is] an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption") (quoting *Ramirez v. Yosemite Water Co.,* 20 Cal. 4th 785, 791 (1999)). As such, and consistent with the "well-pleaded complaint rule," the Court finds that the Section 514 exemption, and its possible ramifications for Ramirez's Section 510 claim, cannot itself be a basis for federal jurisdiction. *See Placencia v. Amcor Packaging Distribution, Inc.,* No. CV 14-0379 AG (JPRx), 2014 WL 2445957, at \*3 (C.D. Cal. May 12, 2014) ("Plaintiff, as the master of his complaint, has chosen to plead his

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  CV 17-03384 SJO (MRWx)          DATE: July 11, 2017

overtime claim not under the CBA, but rather under California law. [Defendant] essentially argues Plaintiff [can not] plead such a claim. That may be proper grounds for demurrer, but it is not sufficient grounds for removal here."); *see also Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014) (finding "the fact that the § 514 exemption may apply does not alter the substance of" plaintiff's claim).

Accordingly, the Court declines to hold that the potential applicability of Section 514 triggers § 301 preemption.

### b. The Right Is Not "Substantially Dependent" on CBA

Having determined that Ramirez's right to unpaid overtime wages arises under California law, the Court addresses whether the right is substantially dependent on analysis of the CBA. Ramirez maintains that the Court need not turn to the CBA at all, since "the only interpretation or analysis to determine whether employees were not compensated wages for all hours worked, as a result of the alleged uneven rounding practices, will simply require an aggregate audit of time and payroll records for the putative class." (Mot. 5.) Quemetco counters that even a facial analysis of the rounding policy requires interpretation of the CBA, since "the [CBA] does not discuss rounding at all" but does address "the issue of working hours and overtime." (Opp'n 7.) Quemetco argues that interpretation of the CBA is required to address whether "the [CBA allows] for time rounding when calculating working periods and, if so, is that policy facially neutral." (Opp'n 7.)

Under California law, "an employer is entitled to use a rounding policy if the policy is fair and neutral on its face" and "is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." *Silva v. See's Candy Shops, Inc.*, 7 Cal. App. 5th 235, 239 (2016). The supplemental materials submitted by Quemetco indicate that the rounding practices were implemented by Quemetco, and that Local 986 was aware of these practices. (*See* Opp'n, Ex. A, Declaration of Richard Sena ("Sena Decl.") ¶ 8, ECF No. 18-2; Opp'n, Ex. A, Decl. of Scott Bevins ("Bevins Decl."), ¶ 6, ECF No. 18-2.) Quemetco argues that "shop practice and other extrinsic evidence demonstrate that rounding is nevertheless covered by the [CBA]." (Opp'n 8.)

Even assuming, *arguendo,* that Quemetco's rounding practice is addressed by the CBA or the law of the shop, the issue before the Court is whether adjudication of Plaintiff's Overtime Claim is **substantially dependent** on analysis of the CBA. See *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005) ("not every claim which requires a court to refer to the language of a [CBA] is necessarily preempted") (internal quotation marks omitted). As such, Quemetco has the burden to show that adjudication of Plaintiff's Overtime Claim requires **interpretation** of the CBA. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000) ("[w]e have stressed that, in the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply').

JS-6 UNITED STATES DISTRICT COURT                    Priority      ___
         CENTRAL DISTRICT OF CALIFORNIA                Send         ___
                                                       Enter        ___
                CIVIL MINUTES - GENERAL                Closed       ___
                                                       JS-5/JS-6    ___
                                                       Scan Only    ___

CASE NO.: CV 17-03384 SJO (MRWx)          DATE: July 11, 2017

Quemetco first contends that adjudication of the Overtime Claim will require CBA interpretation "to determine whether Ramirez's overtime rates included shift premiums and bonuses." (Opp'n 8.) While such information would be relevant in a suit enforcing rights under the CBA, Section 510 requires only knowledge of an employee's regular rate of pay to determine whether the employee was compensated in accordance with California Law. *See* Cal. Lab. Code § 510. Such information can be readily garnered from employee pay stubs or from simple reference to the CBA's pay scales. (*See* Opp'n, Ex. A, App. A: Job Classifications and Wage Rates; *see also Placencia v. Amcor Packaging Distribution, Inc.*, No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *3 (C.D. Cal. May 12, 2014) ("[e]ven if a court were inclined to look to the CBA to determine whether the CBA contemplated this issue, that would not trigger preemption").)

Similarly, Quemetco submits that, to assess Ramirez's claim that Quemetco failed to "include all forms of remuneration in determining the regular rate of pay," (Compl. ¶¶ 3, 33-34), the Court must interpret the phrase "[o]ne and one-half . . . times the straight time hourly rate, including shift premium" from the CBA, (CBA ¶ 14.1.) Ramirez counters that the CBA provides "clear and specific instructions for calculating overtime" and a glossary of shift premiums, and that "the Court will simply need to compare the agreement's calculations to the calculation required by state law."[4] (Reply in Support of Motion ("Reply") 2-3, ECF No. 20.) Plaintiff has the better argument here, as the issue raised in the Complaint is not the application of the CBA pay scale and premiums, but "whether when overtime is paid under the CBA it is paid **for all overtime hours worked,** as required by California law." *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1053 (9th Cir. 2003) (stating that "all that was needed to determine [plaintiff's] claim were the earning reports for each day worked"); *see also Balcorta*, 208 F.3d at 1110. Whether Ramirez was compensated in accordance with California law is "a question of interpretation of state law, not of the CBA, that we leave to the state court." *Id.*

The Court finds that Quemetco has not put forward evidence showing that any consultation of the CBA would go beyond simple reference, and has therefore failed to meet its burden for Removal with respect to the Overtime Claim.

        2.     <u>Plaintiff's Minimum Wage Claim is Not Preempted</u>

---

[4] Ramirez also contends that Quemetco did not raise this argument in either its removal papers [cite] "or at the Local Rule 7-3 in-person meet and confer." (Mot. 2.) Quemetco notices the Court that this argument, as stated in the Removal, is "somewhat less detailed." (Opp'n 9.) As Quemetco's argument is without merit, the Court finds no reason to address the procedural dispute.

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 17-03384 SJO (MRWx)    **DATE:** July 11, 2017

Likewise, Ramirez contends that his right to minimum wages, "including the payment of at least the prevailing minimum wage for all hours worked," is guaranteed under Section 1197. (Mot. 4.) Section 1197 provides that:

> The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

Cal. Lab. Code § 1197 (2016). Quemetco does not dispute that "the minimum wage claim involves a purported right addressed by both state law and the [CBA]," but argues that the Minimum Wage Claim fails under the second *Burnside* prong. (Opp'n 10.) Ramirez counters that here, as with the Overtime Claim, there is no reason to consult the CBA at all, since the CBA did not address rounding. (Mot. 5-6.) The foregoing analysis of the Overtime Claim addressed *supra* is applicable here, since both the Overtime Claim and Minimum Wage Claim are grounded primarily on Quemetco's rounding practices. The conclusion with respect to the Minimum Wage Claim is the same as well, as Quemetco has failed to identify any ambiguities in the CBA that require **interpretation** of the agreement. As such, § 301 preemption does not apply to the Minimum Wage Claim.

III.    RULING

For the foregoing reasons, the Court **GRANTS** Ramirez's Motion and remands this matter to the Superior Court of California for the County of Los Angeles. This matter shall close.

IT IS SO ORDERED.